IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH CHINN,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:16-cv-00080

C.O. DAVID MARTIN, et al.,

        Defendants.

MEMORANDUM OPINION & ORDER

    Pending before the court is the defendant West Virginia Division of Corrections's Motion to Dismiss Complaint for Failure to Exhaust Administrative Remedies [ECF No. 43] and the defendant David Martin's Motion to Dismiss Complaint [ECF No. 48] (collectively, the "defendants' Motions").[1] The plaintiff filed her Response [ECF No. 45] ("Resp.") on October 31, 2016. The defendant West Virginia Division of Corrections then filed its Reply [ECF No. 50] on November 4, 2016, and defendant David Martin did not file Reply. On November 21, 2016, the court entered an Order [ECF No. 58] giving the defendants until December 9, 2016, to show cause why the plaintiff should be required to exhaust administrative remedies where those remedies are not available. On December 2, 2016, the West

---

[1] David Martin's Motion to Dismiss Complaint and corresponding memorandum merely incorporated the arguments set for the West Virginia Division of Corrections's Motion. Therefore, the plaintiff only filed one Response.

Virginia Division of Corrections filed a memorandum showing cause [ECF No. 60], which was later joined by David Martin [ECF No. 65]. The plaintiff then filed a Response Memorandum [ECF No. 68]. The matter is now ripe for adjudication. For the following reasons, the court **GRANTS** the defendants' Motions.

## BACKGROUND

The plaintiff brought the present suit alleging that she was sexually exploited in prison because the defendants failed to afford her sufficient protections and contributed to sexual harassment she suffered in prison. *See* Notice Removal Ex. A, at 4–7 [ECF No. 1] ("Compl."). Specifically, the plaintiff asserts several state common law claims and a federal claim that is, in essence, a § 1983 claim. Compl. 7–10. The plaintiff was incarcerated at the Lakin Correctional Center (LCC) when she filed the case on September 23, 2015. Compl. 4; Resp. 2. The LCC is a correctional center operated by the West Virginia Division of Corrections ("WVDOC"). Compl. 5. Further, the WVDOC has policies and procedures for prisoner grievances governed by WVDOC Policy Directive 335. Neither party disputes that the plaintiff did not utilize the grievance procedures established by the WVDOC before bringing this case. *See* Resp. 1. The plaintiff has since been released from prison. Resp. 2.

## LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but 'it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim is one accompanied by facts allowing the court to draw the reasonable inference that the defendant is liable, facts moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

The defendants argue that the plaintiff's case should be dismissed because she failed to exhaust the administrative remedies available to her prior to bringing this lawsuit. Mem. Supp. WVDOC Mot. Dismiss 3–5 [ECF No. 44]. The plaintiff argues that she was not required to exhaust her administrative remedies because (1) she is no longer incarcerated, (2) she filed a pre-suit notification, and (3) she did not know about the administrative remedies available to her. *See* Resp.

Both the Prison Litigation Reform Act ("PLRA") and West Virginia Prison Litigation Reform Act ("WVPLRA") require inmates to exhaust their administrative remedies before they bring a lawsuit. 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

3

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA broadly, stating that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If a plaintiff fails to exhaust administrative remedies, the case must be dismissed. *See, e.g.*, *Ferrell v. Miller*, No. 5:10-CV-01293, 2014 WL 131067, at *3 (S.D. W. Va. Jan. 10, 2014).

The WVPLRA functions similarly. Indeed, this court recognized that "West Virginia law requires inmates to exhaust their administrative remedies before instituting any civil action." *Baker v. Hammons*, No. 2:15-CV-13849, 2016 WL 538481, at *2 (S.D. W. Va. Feb. 9, 2016) (citing W. Va. Code § 25-1A-2(c)). Although the exhaustion requirements are altered in cases involving sexual assault, "section 25-1A-2a of the West Virginia Code [still] requires an inmate to exhaust his or her administrative remedies even in cases involving violence, sexual assault, or sexual abuse—albeit under special grievance procedures." *Id.* at *3. As with the PLRA, claims where the plaintiff failed to exhaust administrative remedies must be dismissed under the WVPLRA. *Id.* at *3.

Here, neither party disputes the fact that the plaintiff did not exhaust the administrative remedies available to her. However, the plaintiff argues that she should be excused from exhausting those remedies for several reasons. First, she

argues that she is no longer an "inmate" and therefore should not have to exhaust administrative remedies. Resp. 2. However, the plaintiff's status for purposes of determining whether remedies must be exhausted is determined at the time of filing. *See, e.g.*, *Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) ("[I]t is the plaintiff's status at the time he filed the lawsuit that is determinative as to whether the § 1997e(a) exhaustion requirement applies."); *Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) ("In light of the PLRA's plain language, the other circuits to have addressed the issue have unanimously held that it is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies."); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("[P]laintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit."). Therefore, because the plaintiff's status for PLRA and WVPLRA purposes is determined at the time of filing and she was incarcerated when filed the lawsuit, her later release does not exempt her from the exhaustion requirement.

Next, the plaintiff argues that filing a mandatory pre-suit notification with the WVDOC served the same purpose as a grievance, and accordingly, she is exempt from the exhaustion requirement. However, both the PLRA and WVPLRA explicitly require the exhaustion of administrative remedies—not the filing of a mandatory pre-suit notification. Where there is a statutory mandate, "courts have a role in creating exceptions only if Congress wants them to. So mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."

5

*Ross v. Blake*, 136 S. Ct. 1850, 1853 (2016). Therefore, because both statutes mandate the exhaustion of administrative remedies, the plaintiff may not exempt herself from the exhaustion requirement by utilizing an entirely different procedure than that contemplated by the statutes.

Finally, the plaintiff argues she should be exempted from the exhaustion requirement because she was unaware of administrative remedies available to her. In support of her argument, she cites *Woodford v. Ngo*, 548 U.S. 81 (2006), focusing on Justice Breyer's concurrence. In that concurrence, Justice Breyer noted, "petitioners [may] overcome procedural defaults if they can show the procedural rule is not firmly established and regularly followed." Plaintiff has shown neither. Although she might have been unaware of the rule, there are no facts before the court that lead it to conclude that the WVDOC's grievance procedure is not firmly established and regularly followed.

The plaintiff has not shown that she is exempt from the exhaustion requirements of the PLRA and WVPLRA. Consequently, the court must dismiss this case because she failed to exhaust her administrative remedies.

Accordingly, the court **ORDERS** that the defendant West Virginia Department of Corrections's Motion to Dismiss Complaint for Failure to Exhaust Administrative Remedies [ECF No. 43] and the defendant David Martin's Motion to Dismiss Complaint [ECF No. 48] are **GRANTED** and the plaintiff's case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 21, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE